UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC.,<br><br>Plaintiff,<br>v.<br>COX RADIO, INC., COX ENTERPRISES, INC., MICHAEL CALTA, MATTHEW CHRISTIAN LOYD AND TERRY GENE BOLLEA,<br><br>Defendants. | Case No. 8:20-cv-221-T-30SPF |

**DEFENDANTS, COX RADIO, INC. AND COX ENTERPRISES, INC.'S MOTION TO DISMISS OR TRANSFER FOR VENUE AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 12(b)(3), Defendants Cox Enterprises, Inc. ("CEI") and Cox Radio, Inc. ("Cox Radio") (together, "Cox") move this Court for an order dismissing the Complaint filed in this Court by Plaintiff Hiscox Insurance Company, Inc. ("Hiscox") on the grounds that the Court should decline jurisdiction over this Declaratory Judgment action because this dispute is not properly venued in this District. Cox further moves, in the alternative, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the Northern District of Georgia.

I.      **PRELIMINARY STATEMENT**

On the same day Hiscox commenced this action (in anticipation of being sued by CEI) with a complaint seeking a declaration regarding its obligations under a policy it issued to CEI with respect to a lawsuit brought against CEI's subsidiary Cox Radio, CEI

1

commenced an action against Hiscox in the Northern District of Georgia seeking compensatory and statutory damages for Hiscox's bad faith refusal to honor its obligations under the same policy relating to the same underlying lawsuit.

The Court should decline its discretionary authority to exercise jurisdiction over this case and dismiss it (or, alternatively, transfer it to the Northern District of Georgia) in order to avoid the wasting of judicial resources, duplicative discovery and the risk of inconsistent rulings, and because the relevant equitable factors favor the parties' dispute proceeding in the Northern District of Georgia.  As discussed below in more detail, dismissal (or, alternatively, transfer) is warranted for the following reasons:

- The complaints in the two actions were filed on the same day;
- This action was anticipatorily brought by Hiscox after being threatened with litigation by CEI;
- This Court has discretion to refuse to hear this action because it calls only for declaratory relief;
- The Georgia action is broader, includes legal claims and seeks monetary damages;
- CEI is the "true plaintiff" asserting violations of its rights, whereas Hiscox's complaint essentially raises an affirmative defense;
- This is neither party's home forum;
- CEI is headquartered in Georgia;
- All of CEI's employees who likely would be witnesses are located in Georgia;
- A key Hiscox witness relevant to CEI's bad faith claim is located in Georgia;
- CEI's discoverable documents are located in Georgia;
- No key witnesses or discoverable documents are located in Florida;
- The negotiation and issuance of the relevant policy occurred in Georgia; and

- Interpretation of the relevant policy and CEI's bad faith claim are to be governed by Georgia law.

## II.    STATEMENT OF UNDISPUTED FACTS

Hiscox issued US TNT Multimedia Liability Policy No. US UAA 261.9952.11 (the "Policy") to CEI for the policy period covering December 1, 2011 to December 1, 2012. (Declaration of Joshua L. Blosveren dated February 26, 2020 ("Blosveren Decl."), Ex. A.)

In 2016, Cox Radio, Michael Calta (a current Cox Radio employee) and Matthew Loyd (a former Cox Radio employee) were all named in a lawsuit filed in Florida state court by Terry Bollea, known professionally as Hulk Hogan ("Bollea"), relating to their alleged dissemination of videos (and/or excerpts, images and transcripts thereof) in which Bollea is depicted (the "Footage"). (Blosveren Decl., Ex. B.)  That lawsuit is entitled *Bollea v. Don Buchwald & Associates, Inc., et al.*, No. 16-002861-CI (Fla. Cir. Ct. Pinellas Cty.) (the "Underlying Litigation").  Bollea alleged, *inter alia*, that the defendants' dissemination of the Footage occurred between March and October 2012.  (*Id.*)  On May 5, 2016, CEI provided notice of the Underlying Litigation to Hiscox. (Blosveren Decl., Ex. C.)

In its initial reservation-of-rights letter, sent on June 3, 2016, Hiscox stated that it had "recorded this matter under the policy issued for the December 1, 2011 to December 1, 2012 policy period," acknowledged that Bollea had alleged facts in the Underlying Litigation that potentially brought CEI's claim within the coverage provided by the Policy, and promised to pay CEI for the costs incurred in the defense of the Underlying Litigation once the Policy's retention was exhausted.  (Blosveren Decl., Ex. D.)  Hiscox reiterated its acknowledgment that Bollea's claims potentially implicated coverage under the Policy on multiple occasions over the years—including as recently as December 31, 2019.  ((Blosveren Decl., ¶ 8.)

However, on January 21, 2020, two days before a mediation between Hiscox and CEI that had been scheduled in order for the parties to discuss allocation issues raised by Hiscox, Hiscox sent a letter denying coverage for the first time. (*Id.*, ¶ 9.) At a January 27, 2020 meeting attended by representatives of CEI and Hiscox, CEI's counsel threatened Hiscox with litigation if the parties could not resolve CEI's claim for coverage. (*See* Declaration of Andrew N. Bourne dated February 26, 2020, ¶ 3.)

On the next day, January 28, 2020, Hiscox commenced the instant declaratory judgment action. (ECF No. 1.) Also on January 28, 2020, a few hours after Hiscox filed its complaint, CEI filed a complaint against Hiscox in the Northern District of Georgia (the "Georgia Action"). (Blosveren Decl., ¶ 9.) CEI filed a First Amended Complaint in the Georgia Action on January 31, 2020. (Blosveren Decl., Ex. F.) In the Georgia Action, CEI seeks compensatory damages arising out of Hiscox's breach of its contractual duties, a declaratory judgment that Hiscox is obligated to indemnify CEI for all incurred and future losses incurred in connection with its claim, and extra-contractual damages arising from Hiscox's bad faith denial of coverage. (*Id.*, ¶¶ 70-89.)

### III. ARGUMENT

#### A. This Court Has the Discretion to Dismiss Hiscox's Complaint and Should Do So Because Compelling Circumstances Favor Dismissal

##### 1. The Court May Decline to Exercise Jurisdiction Over an Action Seeking a Declaratory Judgment

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . ***may*** declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or

could be sought." 28 U.S.C. § 2201(a) (emphasis added). Even when a suit seeking a declaratory judgment would otherwise satisfy jurisdictional requisites, "district courts possess discretion in determining whether and when to entertain an action" under the Act. *Clark Const. Grp., LLC v. Travelers Excess & Surplus Lines Co.*, 470 F. Supp. 2d 1350, 1351 (M.D. Fla. 2006) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

"While district courts may not decline to hear actions for declaratory relief on the basis of whim or personal disinclination, the standard is clearly generous." *Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, No. 08-CV-1227, 2008 WL 4097790, at *1 (M.D. Fla. Sept. 3, 2008) (quoting *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986) (quotations omitted)). The Eleventh Circuit has instructed district courts in this Circuit to consider a number of factors when deciding whether to entertain an action for declaratory relief, including whether the judgment in the action "would settle the controversy," whether the action "would serve a useful purpose in clarifying the legal relations at issue," and whether the action "is being used merely for the purpose of 'procedural fencing.'" *Ameritas Variable Life Insurance Co. v. Roach,* 411 F.3d 1328, 1331 (11th Cir. 2005).[1]

Accordingly, this Court can decline to hear this case. And, for the reasons set forth below, it should decline to hear this case and grant Cox's motion to dismiss.

---

[1] Because *Ameritas* involved the question of whether federal jurisdiction should yield in favor of a state court action, while CEI and Hiscox have filed actions in two different federal courts, a number of other factors identified in *Ameritas* pertaining to comity between state and federal courts are not relevant here.

### 3. Compelling Circumstances Favor Dismissal of This Action

Typically, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption . . . that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). However, "[t]he 'first-filed' rule is not applied strictly or mechanically, otherwise litigants would invariably race to the courthouse in order to procure their favored forum." *Geltech Sols., Inc. v. Marteal, Ltd.*, No. 09-CV-81027, 2010 WL 1791423, at *7 (S.D. Fla. May 5, 2010) (citing *Manuel*, 430 F.3d at 1135).

Cox respectfully submits that the first-filed rule cannot and should not save this action from dismissal, for two reasons. First, both actions were filed on the same day. Second, even if the Court were to credit this action as having been filed first, the Court should decline to apply the first-filed rule because compelling circumstances favor dismissal of this action.

Because both actions were commenced on the same day, the fact that Hiscox filed its complaint first is irrelevant or at most is to be given minimal weight. *See, e.g. Geltech*, 2010 WL 1791423, at *7 ("if the timeline shows that the first party to file merely nosed ahead in its race to the courthouse, then the order of filings may be given little or no weight"); *Lockheed Martin Corp. v. L-3 Commc'ns Corp.*, 405 F. Supp. 2d 1381, 1383 (N.D. Ga. 2005) (recognizing "that the first-filed rule should not be mechanically applied, especially in light

of the fact that the two actions at issue here were filed on the same date, merely hours apart").[2]

But even if some weight were to be given to the fact that Hiscox won the race to the courthouse by a few hours, there exist several compelling circumstances each of which independently supports the dismissal of this action.

***First***, the Eleventh Circuit has "recognized that for declaratory judgment actions one equitable consideration . . . is whether the . . . action was filed in apparent anticipation of the other pending proceeding." *Manuel*, 430 F.3d at 1135 (citation and quotation omitted). Here, on January 27, 2020, CEI's outside counsel threatened Hiscox's representatives that CEI would sue Hiscox if the parties could not resolve their dispute. (*See* Bourne Decl., ¶ 3.) Hiscox filed suit the next day. In *Chaban Wellness LLC v. Sundesa, LLC*, No. 15-CV-21497, 2015 WL 4538804 (S.D. Fla. Jul. 27, 2015), the court declined to exercise jurisdiction on the basis of "the anticipatory filing exception to the first-filed rule," where the facts "indicate[d]

---

[2] *See also Aqua-Care Mktg. LLC. v. Hydro Sys., Inc.*, 99 F. Supp. 3d 959, 963 (S.D. Iowa 2015) ("because the cases were filed on the same day only hours apart, the fact that Aqua–Care was the first-to-file is not outcome determinative"); *AVCO Corp. v. Marvel-Schebler Aircraft Carburetors, LLC*, No. 10-CV-2026, 2011 WL 484186, at *2 (M.D. Pa. Feb. 7, 2011) ("Plaintiff asserts that the first-filed rule is inapplicable, or the propriety of its application is at least dubious, because both cases were filed on the same day, and we tend to agree."); *Topics Entm't Inc. v. Rosetta Stone Ltd.*, 2010 WL 55900, at *4 (W.D. Wash. Jan. 4, 2010) ("the fact that the suits were filed only two hours apart supports the Court's decision to depart from the first-to-file rule"); *Aurora Corp. of America v. Fellows, Inc.*, No. 07-CV-8306, 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008) ("where parties filed nearly simultaneous actions," application of first-filed rule "would invoke none of the merits of the first-filed rule, while promoting the sort of race to the courthouse that is the worst feature of the rule"); *Envtl. Def. v. U.S. Dep't of Transp.*, No. 06-CV-2176, 2007 WL 1490478, at *5 (D.D.C. May 18, 2007) ("Plaintiffs' argument that the first-filed rule mandates consolidation in this Court carries little weight where, as here, both cases were filed on the same day within hours of each other."); *Ontel Prod., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995) ("Here, because the lawsuits were both filed on the same day, the first-filed rule is inapplicable.").

that Plaintiff was aware that litigation was imminent and, instead of having to litigate this dispute in Utah, Plaintiff sought to get a 'head start' in the 'race to court' by filing its declaratory judgment action in its preferred forum." *Id.* at *2-3.  Likewise here, Hiscox knew that litigation was imminent, and instead of having to defend against CEI's claims in CEI's home jurisdiction, it sought to get a head start in the race to the courthouse by filing its declaratory judgment in a preferred forum.  Thus, "compelling circumstances exist to apply the anticipatory filing exception to the first-filed rule." *Id.* at *3; *see also Hayes Lemmerz Int'l-Georgia, Inc. v. Punch Prop. Int'l NV*, No. 09-CV-0021, 2010 WL 375155, at *6 (N.D. Ga. Jan. 25, 2010) ("Defendant's counsel notified Plaintiff on January 31, 2009 that it intended to file an action against Plaintiff if a satisfactory response to Defendant's concerns was not received from Plaintiff within eight days.  Therefore, the fact that Plaintiff filed this action first should not tip the scales since it was put on notice by Defendant that an action against it was imminent." (citation omitted)).

*Second*, a court should dismiss a declaratory judgment action where the plaintiff has raised chiefly an affirmative defense and entertaining the action could effectively deny an injured party its otherwise legitimate choice of forum.  *See Clark Const. Grp.*, 470 F. Supp. 2d at 1353 (citing *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995)); *see also Lockheed Martin*, 405 F. Supp. 2d at 1383 ("[I]t appears that the instant action is the substantive lawsuit while the Texas action is essentially a declaratory suit.  Lockheed argues that in the instant action, it is the 'true plaintiff' asserting affirmative violations of its intellectual property and contractual rights.  Lockheed further contends that in the Texas suit L–3 is merely asserting affirmative defenses to Lockheed's claims. The court agrees.").  In

this case, CEI is the "'true plaintiff' asserting affirmative violations of its . . . contractual rights" under the Policy, and Hiscox "is merely asserting defenses to" CEI's claims. Thus, the Georgia Action, not this action, is the "substantive lawsuit."

*Third*, relatedly, permitting this action to proceed "would amount to the unnecessary and inappropriate 'gratuitous interference' with the more encompassing currently pending" Georgia Action. *Ameritas*, 411 F.3d at 1332. Indeed, the Georgia Action will resolve additional questions of law and fact that are not before this Court. Both complaints ask the court to determine whether there is coverage for CEI's claim under the Policy, but only the complaint in the Georgia Action also asks the court to determine the extent of Hiscox's duty to indemnify CEI for damages already incurred and those it may incur, including the costs of defending the Underlying Litigation and the amount of any settlement payment or judgment. (*See* Blosveren Decl., Exhibit F, ¶¶ 70-79.) Additionally, only the court in the Georgia Action has before it the question of whether Cox is entitled to statutory damages for Hiscox's bad faith conduct. (*Id.*, ¶¶ 85-89.) Because this action would not fully resolve the controversy between the parties, the Georgia Action is the more effective and more appropriate venue to resolve their dispute.

*Fourth*, as noted above, the Declaratory Judgment Act gives district courts discretion to make declarations of rights but does not impose a duty on them to make declarations of rights. Moreover, "[i]n the context of insurance coverage disputes, as this one, the desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Mid-Continent Cas. Ins. Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329 (S. D. Fla. 2018) (citation and quotation omitted).

Thus, this Court has wide discretion to refuse to exercise jurisdiction.  On the other hand, the court in the Georgia Action is ***obligated*** to resolve CEI's legal claims for monetary damages, which arise under the law of the State of Georgia.

*Fifth*, where there are parallel actions pending in two district courts, one of the courts can dismiss or transfer the action before it "if there is a showing that the balance of convenience tips in favor of the [other] forum."  *Lockheed Martin*, 405 F. Supp. 2d at 1383.  Here, the balance of convenience tips decidedly in favor of the Georgia Action.  CEI is headquartered in the Northern District of Georgia.  All CEI witnesses with relevant knowledge relating to the underwriting of or coverage provided by the Policy and many relevant documents are located in the Northern District of Georgia.  Moreover, a key Hiscox witness relating to Cox's bad faith claim is located in the Northern District of Georgia.  (*See* Blosveren Decl., ¶ 11.)  On the other hand, Hiscox is headquartered in Illinois (ECF No. 1, ¶ 1), and it does not appear that any key witnesses or discoverable materials are located in the Middle District of Florida.

In sum, there exist numerous compelling reasons providing this Court with grounds on which to dismiss the declaratory action filed by Hiscox in order to allow CEI, the injured party in this dispute, to pursue its claims in its chosen venue.  Cox respectfully requests that this action be dismissed in order to avoid the "waste of duplication, rulings that may trench on the authority of other courts, and piecemeal resolution of issues that call for uniform results."  *Miller v. Directv, LLC*, No. 15-CV-390, 2016 WL 816611, at *3 (M.D. Fla. Mar. 2, 2016).

### C. In the Alternative, This Case Should Be Transferred to the Northern District of Georgia

If the Court does not dismiss Hiscox's Complaint, it should transfer the case to the Northern District of Georgia. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations and quotations omitted). Courts have broad discretion in matters of transfers. *Watson v. Cmty. Educ. Centers, Inc.*, No. 10-CV-00778, 2011 WL 3516150, at *2 (M.D. Fla. Aug. 11, 2011).

Hiscox could have brought this action in the Northern District of Georgia and can certainly litigate there now. That court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because CEI is a Delaware corporation and Hiscox is an Illinois corporation and the amount in controversy exceeds $75,000. (*See* Blosveren Decl., Ex. F, ¶ 9; *see also* ECF No. 1, ¶ 1, 3, 7.) The Northern District of Georgia is a proper venue because Hiscox transacts business in Georgia, and the acts and omissions giving rise to the controversy occurred in that District. (*See* Blosveren Decl., Ex. F, ¶ 10.)

In evaluating whether the interests of justice and convenience of the parties and witnesses weigh in favor of a transfer, the Eleventh Circuit considers the following factors:

> (1) The convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Delorenzo v. HP Enterprise Servs., LLC*, 79 Supp. 3d 1277, 1281 (M.D. Fla. 2015) (citing *Manuel*, 430 F.3d at 1135 n.1); *see also Castellano v. Gravante*, No. 16-CV-167, 2016 WL 4014890, at *1 (M.D. Fla. Jul. 27, 2016).  Cox submits that application of the foregoing factors compels transfer to the Northern District of Georgia.

          1.      <u>Georgia Is a More Convenient Forum for the Witnesses</u>

It is widely recognized that the convenience of both party and non-party witnesses is the single most important factor in a venue transfer analysis.  *Nat'l Tr. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1242 (M.D. Fla. 2016).  As set forth above, the potential CEI witnesses and a key Hiscox witness are located in Georgia.  No anticipated witnesses are located in Florida.  Thus, **both** parties' witnesses will be inconvenienced if this matter is not transferred to the Northern District of Georgia.

          2.      <u>Relevant Documents Are Located in Georgia</u>
                     <u>While No Relevant Documents Are Located in Florida</u>

Numerous relevant documents are also located in Georgia and none are located in the Florida.  Thus, while "technological advancements in electronic imaging and retrieval minimize the burden of document production," this factor slightly favors the Georgia Action because CEI's relevant documents are in Georgia, and Hiscox cannot "show a significantly greater imposition for it to transport its evidence to" Georgia than to Florida.  *Trinity Christian Ctr. Of Santa Ana, Inc., v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1327-28 (M.D. Fla. 2010).

      4.      <u>Georgia Is a More Convenient Forum for the Parties</u>

The convenience of the parties also weighs in favor of transfer to the Northern District of Georgia. Cox, a Georgia corporation, would be inconvenienced by having to litigate in Florida, while Georgia and Florida are equally convenient venues for Hiscox, an Illinois corporation.

      4.      <u>The Locus of the Operative Facts is Georgia</u>

Transfer is further warranted because the locus of operative facts is Georgia, as the Policy was issued in Georgia. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1367 (N.D. Ga. 2012) (declining to transfer action to California where "[s]ix of the policies . . . were issued in Georgia" and none of the policies at issue had "connections to California").

      5.      <u>Georgia Law Governs the Parties' Dispute</u>

The fact that the Policy includes a Georgia choice-of-law provision also favors transfer. A federal court in another state "indisputably enjoys an advantage over the Middle District of Florida in deciding a claim based on the law of [that state]." *Delorenzo*, 79 F. Supp. 3d at 1281; *see also Food Mktg. Consultants, Inc., v. Sesame Workshop*, No. 09-CV-61776, 2010 WL 1571206, at *10 (S.D. Fla. Mar. 26, 2010 ("While this Court is capable of construing New York Law, federal courts in New York engage in that exercise with far greater frequency and, thus, can failure be expected to have developed some expertise in that area."), *adopted by* 2010 WL 1571210 (S.D. Fla. Apr. 20, 2010); *Laing v. BP Exploration & Production Inc.*, No. 13-CV-1041, 2014 WL 4059870, at *2 (M.D. Fla. Aug. 14, 2014) ("A district judge in Texas indisputably has the advantage in an action based on Texas law. This

factor distinctively favors transfer."). The Northern District of Georgia indisputably is a better venue for this dispute involving claims governed by Georgia law.

### 6. Hiscox's Choice of Forum Should Be Afforded Minimal Deference

Hiscox's choice of forum should be afforded minimal deference, for two significant reasons. First, where, as here, "a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d. 1334, 1338 (M.D. Fla. 2011). Second, where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Delorenzo*, 79 F. Supp. 3d. at 1283 (citation and quotation omitted)). In this case, (1) Hiscox has chosen a forum that is not its home forum of Illinois, and (2) the negotiation and issuance of the Policy occurred outside of Hiscox's chosen forum. Thus, this Court should give minimal deference to Hiscox's choice of forum and should honor CEI's chosen forum of Georgia, where CEI is located, where the Policy was negotiated and issued, and whose substantive law applies.

### 6. Other Factors Are Neutral

The remaining factors do not carry any substantial weight but in any event certainly do not provide a sufficient basis to keep this case in the Middle District of Florida.

There are unlikely to be any unwilling and uncontrollable witnesses in this contract dispute between an insurer and its insured. The key players in this case are employees of Hiscox and CEI, and/or their subsidiaries and, as such, the parties can effectuate their appearances in court. *SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG, LLC*, No.

11-CV-1925, 2014 WL 4791997, at *6 (M.D. Fla. Sept. 22, 2014).  Moreover, to the extent any witnesses are former employees, or entirely unaffiliated with the parties, they are more likely to be in Georgia than in Florida.

The parties are entities of similar means.  Both are large corporations doing business in the Georgia and elsewhere.  It is beyond question that Hiscox has the means to litigate in the Northern District of Georgia.

Trial efficiency is a neutral factor that does not support the retention of this case in the Middle District of Florida.  According to the U.S. District Court Federal Court Management Statistics for the twelve-month period ending in September 30, 2019, the median time from filing to disposition in a civil case in the Northern District of Georgia is 6.2 months, compared to 5.7 months in this District.[3]  This average difference of two weeks is insubstantial and by itself "sheds no meaningful light on the appropriateness of a transfer." *Trinity Christian Ctr.*, 761 F. Supp. 2d at 1330 (finding that a three-month difference "is not a substantial difference"); *see also Delorenzo*, 79 F. Supp. 3d at 1284 ("the mere possibility that trial will be held sooner in the original court does not justify denial of transfer when it is otherwise supported by the convenience of the parties and the witnesses" (citation omitted)).

In light of the foregoing factors, Cox respectfully submits that the interests of justice warrant the transfer of this action to the Northern District of Georgia in order to eliminate concurrent litigations, preserve limited judicial resources, and avoid the possibility of conflicting legal determinations.

---

[3] *See U.S. District Court Federal Court Management Statistics Report*, available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/09/30-3 (last accessed Feb. 26, 2020).

## IV. CONCLUSION

For the foregoing reasons, Cox respectfully requests that the Court decline jurisdiction over this matter and dismiss the Complaint or, in the alternative, transfer it to the Northern District of Georgia, and grant such other further relief as this Court deems just and proper.

Dated:  February 26, 2020         Respectfully submitted,

*s/ Gregory A. Hearing*
GREGORY A. HEARING
Florida Bar No. 0817790
gregory.hearing@gray-robinson.com
CHARLES J. THOMAS
Florida Bar No. 986860
charles.thomas@gray-robinson.com
**GrayRobinson, P.A.**
401 East Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145

Joshua L. Blosveren (*admitted pro hac vice*)
New York Registration No. 4142691
jblosveren@hnrklaw.com
Andrew N. Bourne (*admitted pro vice*)
New York Registration No. 4172003
abourne@hnrklaw.com
Steven M. Silverberg (*admitted pro hac vice*)
New York Registration No. 4882742
ssilverberg@hnrklaw.com
**Hoguet Newman Regal & Kenney, LLP**
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165
Telephone: (212) 689.8808

*Attorneys for Defendants Cox Radio, Inc. and Cox Enterprises, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Shawn Llamar Marquise Hairston, Sr.
Stephen Hunter Johnson
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
shairston@lydeckerdiaz.com
shj@lydeckerdiaz.com

                                              *s/ Gregory A. Hearing*
                                              Attorney